IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-01994-PAB-BNB

DON UNDERHILL D/B/A DENVER METRO PH,

Plaintiff,

v.

JAMES R. SOLANO,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

The plaintiff initiated this action in the Small Claims Court for Jefferson County, Colorado, by filing a Notice, Claim and Summons to Appear for Trial [Doc. #2] (the "Notice"). The case was removed to this court on August 2, 2011.

The Notice does not contain any factual statements; it simply states that the plaintiff is suing James R. Solano for causing loss of business, harassment, and duress. It is impossible to discern from the Notice the factual basis for the plaintiff's claims.

The Federal Rules of Civil Procedure require that a complaint contain "(1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did

it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).  The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."  TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992).  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Because the Complaint fails to provide notice of the plaintiff's causes of action as required by Rule 8, I struck the Complaint and ordered the plaintiff to submit on or before November 8, 2011, an amended complaint which complies with the Federal Rules of Civil Procedure, the local rules of this court, and my order [Doc. #9].[1]

---

[1] In my order, I stated that the amended complaint must meet the following requirements:

> The amended complaint which the plaintiff is required to file shall be submitted on the court's form and shall be titled "Amended Complaint."  The form may be obtained from the Clerk's Office.  D.C.COLO.LCivR 8.1A ("A *pro se* party shall use the forms established by this court to file an action").  The background statement shall briefly summarize the plaintiff's case and shall not exceed one double-spaced typewritten page or two hand written pages.  Each claim shall be numbered and shall be stated separately.  Each claim shall state the legal basis for the claim; identify which defendant(s) the claim is brought against; and allege facts sufficient to state a claim for relief as to each of those defendants.  Each claim shall not exceed two typewritten pages, double-spaced, or four handwritten pages.

The plaintiff did not file an amended complaint. Consequently, I ordered the plaintiff to show cause [Doc. #10] on or before November 23, 2011, why this case should not be dismissed for failure to prosecute and failure to comply with the Federal Rules of Civil Procedure, the local rules of this court, and my order. I warned the plaintiff that his failure to show cause on or before November 23, 2011, would result in a recommendation that the plaintiff's case be dismissed. The plaintiff did not respond to my order to show cause.

I respectfully RECOMMEND that this case be dismissed for failure to prosecute and failure to comply with the Federal Rules of Civil Procedure, the local rules of this court, and an order of this court.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated November 30, 2011.

                                                   BY THE COURT:

                                                   s/ Boyd N. Boland
                                                   United States Magistrate Judge