IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01994-PAB-BNB

DON UNDERHILL d/b/a Denver Metro PH,

     Plaintiff,

v.

JAMES R. SOLANO,

     Defendant.

_____

### ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
_____

     This matter is before the Court on the Recommendation of United States Magistrate Judge Boyd N. Boland filed on November 30, 2011 [Docket No. 11].  The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties.  *See also* 28 U.S.C. § 636(b)(1)(C).  The Recommendation was served on December 1, 2011.  No party has objected to the Recommendation.

     In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").  In this matter, I have reviewed the Recommendation to

satisfy myself that there is "no clear error on the face of the record."[1]  *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, I have concluded that the Recommendation is a correct application of the facts and the law.  Accordingly, it is

**ORDERED** as follows:

1.   The Recommendation of United States Magistrate Judge [Docket No. 11] is ACCEPTED.

2.   This case is dismissed for failure to prosecute and failure to comply with the Federal Rules of Civil Procedure, the local rules of this court, and an order of this court.

DATED December 22, 2011.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).